NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

ROBERT ZINK
Acting Chief, Fraud Section
NIALL M. O'DONNELL (D.C. Bar No. 991519)
Assistant Chief
Telephone: (202) 257-3295
E-mail: niall.odonnell@usdoj.gov
EMILY Z. CULBERTSON (Cal. Bar No. 282560)
Trial Attorney
Telephone: (202) 230-0673
E-mail: emily.culbertson@usdoj.gov
Fraud Section, Criminal Division
United States Department of Justice
4811 Airport Plaza Drive, 5th floor
Long Beach, California 90812
Facsimile: (562) 982-1799

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-0414-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE |
| v. | |
| GRACE HONG,<br>    aka "Mi Kyung Hong,"<br>    aka "Caris Mi Kyung," | **TRIAL DATE:** May 21, 2019<br>**TIME:** 8:30 a.m.<br>**PLACE:** Ctrm. 9D |
| Defendant. | |

The United States hereby submits this Supplemental Opposition to the Defendant's Motion for a Continuance of the Trial Date. This opposition is based on the attached memorandum of points and authorities, the case files and records in this matter, and any evidence and argument as this Court may entertain on this matter.

Dated: May 16, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/
NIALL M. O'DONNELL
Assistant Chief
EMILY Z. CULBERTSON
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant has already received nine continuances in the nearly three years since she was charged. Defendant had moved for another continuance of the trial date (Dkt. 173) based on her claim that she needed time to investigate a statement made by a witness, Roderick Concepcion. Concepcion told law enforcement that, while he was fabricating records at Defendant's direction, Defendant told Concepcion that Physician 1 could sign a document that was missing a physician signature, and that Physician 1 worked for Defendant and her husband.[1]

At a hearing for Defendant's motion to continue, the government confirmed that it would forgo introducing the evidence of Defendant's statement to Concepcion if it would result in a continuance, and confirmed that it was prepared for trial as scheduled.

Defendant now states that — even if the government would forgo introducing the evidence of Defendant's statement to Concepcion — the defense would still require a continuance in order to possibly discover additional evidence relating to the substance of Defendant's statement to Concepcion with which it could "impeach" Concepcion about Defendant's statement to him.

However, evidence refuting the substance of Defendant's statement does not bear on Concepcion's credibility. Indeed, Concepcion did not purport to know whether Defendant's statement was

---

[1] This information was the basis of the government's Motion in Limine to Introduce Physician Payment Evidence as Inextricably Intertwined or, in the Alternative, Pursuant to Federal Rule of Evidence 404(b) (Dkt. 169), hereby incorporated.

true. The only fact bearing on Concepcion's credibility here is whether Defendant in fact made the statement at issue.

Defendant is not entitled to another continuance, and further delay in this matter could prejudice the government. Trial is scheduled for May 21, 2019. Accordingly, Defendant's request should be denied.

**III. ARGUMENT**

Defendant has requested a continuance, purportedly so that she can gather evidence disproving the substance of the statement allegedly made by Defendant to Concepcion in order to "impeach" Concepcion. However, evidence disproving the substance of Defendant's statement would not "impeach" Concepcion, because Concepcion does not purport to know whether the substance of the statement is true. Rather, Concepcion only told the government what Defendant told him. Evidence that Defendant did or did not pay Physician 1 does not actually bear on the credibility of Concepcion and whether Defendant said that to him or not. Therefore, the request for continuance is groundless and should be denied.

**A. The Evidence That Defendant Seeks Additional Time to Discover Would Not Impeach the Government's Witness and Is Moot**

In the context of witnesses, to "impeach" is defined as "[t]o discredit the veracity of (a witness)." Black's Law Dictionary (10th ed. 2014). Further, "impeachment" is defined as "[t]he act of discrediting a witness, as by catching the witness in a lie or by demonstrating that the witness has been convicted of a criminal offense." Id.

Here, witness Concepcion stated that he was tasked by Grace Hong with completing patient files for codefendant Henry Penaranda. On

2

one occasion, the doctor's signature was missing from the evaluation form from one of the files Concepcion was completing. Concepcion stated he told Defendant about this and she told him not to worry about it, that she would have Physician 1 co-sign the evaluation, and that Physician 1 worked for Defendant and her husband, Simon Hong.

Defendant now claims that even if the government was to forgo having Concepcion testify about Defendant's statement, Defendant nonetheless needs a continuance to gather evidence contradicting the substance of that statement in order to "impeach" Concepcion. But evidence as to whether Defendant did or did not pay Physician 1 does not bear on the credibility of Concepcion and whether Defendant said that to him or not and so would not "impeach" Concepcion. See Black's Law Dictionary (10th ed. 2014) (defining "impeach" as "[t]o discredit the veracity of (a witness)" and "impeachment" as "[t]he act of discrediting a witness, as by catching the witness in a lie or by demonstrating that the witness has been convicted of a criminal offense"). The government expects Concepcion would testify only to what Defendant told him about Physician 1, not whether what Defendant told him was actually true. Indeed, the government also expects Concepcion would testify that he has no way of knowing whether Defendant's statement about Physician 1 were, in fact, true. The only fact bearing on Concepcion's credibility here is whether Defendant in fact made the statement at issue. Therefore, even if Defendant were to gather evidence that casts doubt on the possibility that Defendant and her husband in fact employed Physician 1, that evidence would not "impeach" Concepcion or otherwise be "impeachment."

By contrast, Defendant, herself, retains the ability to impeach

3

Concepcion by testifying that she did not make that statement to him. Alternatively, if there were others present for the conversation, those individuals could contradict Concepcion and impeach him. However, evidence disproving the substance underlying what Defendant told Concepcion would not "impeach" Concepcion as to whether the Defendant in fact made that statement to him.

In addition, evidence disproving the substance of what Defendant allegedly told Concepcion about Physician 1 would be moot if, as stated, the government would not elicit that particular testimony from Concepcion.

**B. Further Continuance Would Prejudice the Government**

Indeed, any further continuances prejudices the government. In Medicare fraud cases such as the instant case, the government's key witnesses are Medicare beneficiaries, who are senior citizens. With passing time, these key witnesses' health and memories fade.

Trial has been continued nine times previously, requiring the government to re-subpoena its witnesses numerous times, and rearrange the transportation of witnesses currently in the custody of the Bureau of Prisons. Continuing to move this trial date is not merely an inconvenience to the government, but could lead to the degradation of evidence and a resulting miscarriage of justice, especially given that this case was indicted nearly three years ago. Defendant would not be prejudiced by the current trial date; were the government not to introduce the testimony about the statement made by Defendant to Concepcion about Physician 1, the evidence in this case remains the same. Therefore, Defendant's request to delay trial in order to somehow further "investigate" evidence suggested by the statement

made by Defendant — which the government would not be introducing[2] — should be denied.

**IV.  CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's Motion to Continue the Trial Date.

Dated: May 16, 2019              Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/ _____
NIALL M. O'DONNELL
Assistant Chief
EMILY Z. CULBERTSON
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[2] If the Court was to grant the continuance, the government reserves its right to elicit the testimony about what Defendant said concerning Physician 1.

5