NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

ROBERT ZINK
Acting Chief, Fraud Section
NIALL M. O'DONNELL (D.C. Bar No. 991519)
Assistant Chief
Telephone: (202) 257-3295
E-mail: niall.odonnell@usdoj.gov
EMILY Z. CULBERTSON (Cal. Bar No. 282560)
Trial Attorney
Telephone: (202) 230-0673
E-mail: emily.culbertson@usdoj.gov
Fraud Section, Criminal Division
United States Department of Justice
4811 Airport Plaza Drive, 5th floor
Long Beach, California 90812
Facsimile: (562) 982-1799

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-0414-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE STATE OF DEFENDANT'S MARRIAGE |
| v. | |
| GRACE HONG,<br>    aka "Mi Kyung Hong,"<br>    aka "Caris Mi Kyung," | **TRIAL DATE:**   May 21, 2019<br>**TIME:**         8:30 a.m.<br>**PLACE:**        Ctrm. 9D |
| Defendant. | |

The United States hereby submits this Motion to Exclude Evidence of the State of Defendant's Marriage. This Motion is based on the attached memorandum of points and authorities, the case files and records in this matter, and any evidence and argument as this Court may entertain on this matter.

```
Dated: May 22, 2019              Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 /s/
                                 NIALL M. O'DONNELL
                                 Assistant Chief
                                 EMILY Z. CULBERTSON
                                 Trial Attorney
                                 Fraud Section, Criminal Division
                                 U.S. Department of Justice

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In opening statement, counsel for Defendant Grace Hong proffered that Defendant suffered physical and emotional abuse at the hands of her husband, Simon Hong.  Defendant has made no pre-trial prima facie showing of abuse in this case.  Evidence of Defendant's unhappy or abusive marriage does not constitute valid evidence of duress and should be excluded because it does not negate any element of the offense, is insufficient to support an affirmative defense, is aimed solely at eliciting sympathy for Defendant and inviting jury nullification, and is irrelevant.[1]

**III. ARGUMENT**

    **A.   Evidence as to the State of Defendant's Marriage Does Not Constitute Valid Evidence of Duress.**

It appears that Defendant seeks to introduce evidence, via her own testimony, that she suffered abuse at the hands of her husband, Simon Hong, whom she claims was an alcoholic and physically and mentally abusive.  Any such evidence – even if true – fails to meet the requirements for the affirmative defense of duress.  "A defendant must establish three elements in order to present [a duress] defense: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm."  United States v. Vasquez-Landavar, 527 F.3d 798, 802 (9th Cir. 2008).  Accordingly, any such evidence should be excluded.

First, the Ninth Circuit has consistently held that the admissibility of duress evidence is an issue that must be decided

---

[1] Counsel for Defendant has confirmed they oppose the instant motion.

pre-trial. See, e.g., id. ("We have long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof. Absent such a prima facie case, evidence of duress is not relevant.") (internal citations omitted); United States v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir. 2008) ("In the absence of a prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury instruction is not appropriate.") Duress is an affirmative defense for which Defendant bears the burden of proof. Dixon v. United States, 548 U.S. 1, 6-7 (2006). Because Defendant has failed to make the required pre-trial prima facie showing of duress in a pre-trial offer of proof, any such evidence of duress is irrelevant and should therefore be excluded.

Second, the evidence Defendant appears to seek to introduce would not constitute valid evidence of duress. A proper duress argument requires that Defendant admit the elements of the crime, but then claim she was forced to commit the crime; that is, duress is an affirmative defense providing a legal excuse for commission of the crime. Dixon, 548 U.S. at 6-7. Rather than admit that she committed the crimes charged and offer a legal excuse for committing those crimes, Defendant has denied any guilt for the crimes charged. In opening statement, counsel for Defendant stated that any fraud was not committed by Defendant, but by her husband and Roderick Concepcion:

> On May 28, 2009, a man named Simon Hong together with a man named [Roderick] Concepcion opened a bank account at Wilshire State Bank. That date almost exactly 10 years ago marked the very beginning of the efforts of these two men, Simon Hong and [Roderick] Concepcion, to defraud and scam our nation's complicated Medicare system. Mr. O'Donnell just told you that <u>what those two men did</u> was a crime, and he is right. It was.

Ex. A (Tr. at 241.) (emphasis added). In failing to admit the elements of the crimes, Defendant fails to assert a valid duress defense.

Third, evidence of duress is irrelevant to the elements of the offense. The Ninth Circuit has consistently held that when a defendant's evidence is insufficient to warrant a duress jury instruction, as Defendant seems to concede may be the case here, "evidence of duress is not relevant." <u>Vasquez-Landavar</u>, 527 F.3d at 802. Moreover, the Supreme Court has specifically held that "the defense of duress does not negate a defendant's criminal state of mind when the applicable offense requires a defendant to have acted knowingly or willfully; instead, it allows the defendant to 'avoid liability . . . because coercive conditions or necessity negates a conclusion of guilt even though the necessary mens rea was present.' " <u>Dixon</u>, 548 U.S. at 7 (quoting <u>United States v. Bailey</u>, 444 U.S. 394, 402 (1980)).

**B.   Evidence of Defendant's Unhappy or Abusive Marriage Is Aimed at Jury Nullification and Should be Excluded**

Evidence that defendant was in an unhappy or abusive marriage during the fraud scheme is aimed solely to elicit sympathy for Defendant, invites jury nullification, and should be excluded under Rule 403. The state of defendant's marriage as represented by the Defendant – even if true – is irrelevant to the issues in this case,

3

while at the same time being highly inflammatory and unfairly prejudicial.  Moreover, the prejudicial impact of any such evidence substantially outweighs any theoretical probative value, and should be excluded under Rule 403.  See United States v. Lloyd, 807 F.3d 1128, 1163 (9th Cir. 2015) (finding that it is within the district court's discretion to exclude testimony about the birth of defendant's daughter which defendant offered to prove his mens rea); United States v. Copeland, 291 F. App'x 94, 97 (9th Cir. 2008) (affirming district court's exclusion of the specifics of defendant's childhood trauma as irrelevant).  "The additional probative value of knowing the [details of defendant's marriage is] minimal and [does] not substantially outweigh the possible prejudice to the government of jury nullification based on sympathy."  Copeland, 291 Fed. App'x at 97.

    Any evidence about defendant's purportedly unhappy or abusive marriage is irrelevant to the elements of the offenses charged and aimed solely to elicit sympathy for Defendant and invite jury nullification, or a not-guilty verdict notwithstanding proof beyond a reasonable doubt that defendant is guilty.  Such evidence has no probative value and should be excluded.  See United States v. Powell, 955 F.2d 1206, 1212-13 (9th Cir. 1991) (holding that the defendant has no right to instruct the jury to nullify itself); United States v. Simpson, 460 F.2d 515, 519 (9th Cir. 1972) (finding trial court did not err in refusing to instruct jury to nullify itself).  Jurors must "not substitute their own sense of justice for their duty to find facts pursuant to the law."  United States v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018) (affirming J. Wu jury nullification caution).  Because jury nullification is "a violation of a juror's

sworn duty to follow the law as instructed by the court," to that end, "trial courts have the duty to forestall or prevent such conduct," including "by firm instruction or admonition." Id. (quoting Merced v. McGrath, 426 F.3d 1076, 1079-80 (9th Cir. 2005)) (internal quotation marks and citation omitted).

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court exclude evidence of the state of Defendant's marriage.

Dated: May 22, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/
NIALL M. O'DONNELL
Assistant Chief
EMILY Z. CULBERTSON
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5