

FILED
CLERK, U.S. DISTRICT COURT
MAY 28 2019
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-414-GW |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| 2. GRACE HONG, | |
| Defendants. | |

## **Final Jury Instructions**

### I. Introductory Instructions

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return - that is a matter entirely up to you.

This is a criminal case brought by the United States Government against defendant Grace Hong. The Government charges the Defendant with four crimes: (1) one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349; and (2) three counts of health care fraud in violation of 18 U.S.C. § 1347.

The charges against the Defendant are contained in an Indictment. The Indictment simply describes the charges the Government brings against the Defendant. The Indictment is not evidence and does not prove anything.

Defendant has pleaded not guilty to all of the charges and is presumed innocent unless and until the Government proves that she is guilty beyond a reasonable doubt. In addition, Defendant does not have to testify or present any evidence. She does not have to prove her innocence because the Government has the burden of proving every element of the charges beyond a reasonable doubt.

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced

beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits received in evidence; and
(3) any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:
1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.
2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.
3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.
You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You have heard testimony of witnesses who testified in the Korean language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Korean language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

You have heard a recording which in part was conducted in the Korean language. A transcript of the recording was shown to you as the recording was played which included a translation into English of the spoken Korean portions.

Although some of you may know the Korean language, it is important that all jurors consider the same evidence. The recording is the evidence. Therefore, you must accept the English translation contained in the recording and disregard any different meaning of the non-English words.

The Indictment charges that certain offenses or actions were committed "on or about" and/or "in or around" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense or action was committed precisely on the date charged.

A separate crime is charged against the Defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

You have heard evidence that the Defendant may have committed other wrongs not

charged here.  You may consider this evidence only for its bearing, if any, on the question of the Defendant's intent, motive, opportunity, plan, knowledge, identity, absence of mistake, absence of accident and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the Defendant is now on trial.

You have heard testimony that the Defendant made certain statements. It is for you to decide: (1) whether the Defendant made each of those statements, and (2) if so and as to each, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement(s), including the circumstances under which the Defendant may have made it.

You have heard evidence that witnesses Roderick Concepcion, Keith Canlapan, Joseff Sales, and Danniel Goyena were convicted of crimes related to the submission of false claims to Medicare for therapy services not provided.  Additionally, Roderick Concepcion and Keith Canlapan also admitted that they made false statements under penalty of perjury in their immigration submission to the Immigration and Naturalization Service. You may consider that evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

You have heard testimony from Roderick Concepcion, Keith Canlapan, Joseff Sales, and Danniel Goyena, witnesses who, in exchange for their cooperation in this case, hope to receive a recommendation for a reduced sentence from the Government.  While the Government may recommend that a convicted cooperating witness receive a reduction of his sentence, ultimately it is up to the judge as to whether the witness's sentence will be reduced at all.
You have also heard testimony from Roderick Concepcion and Keith Canlapan, witnesses who pleaded guilty to a crime arising out of the same events for which Defendant is on trial.  These guilty pleas are not evidence against the Defendant and you may consider them only in determining these witnesses' believability.
For this reason, in evaluating the testimony of Roderick Concepcion, Keith Canlapan, Joseff Sales, and Danniel Goyena, you should consider the extent to which or whether each of their testimonies may have been influenced by these factors.  In addition, you should examine the testimony of each of those witnesses, with greater caution than that of other witnesses.

You have heard testimony from Courtney Epperson who testified to opinions and the reasons for her opinions.  This opinion testimony is allowed because of the education or experience of this witness.
Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If

they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

During the trial, certain charts and summaries were admitted into evidence. A chart or summaries is only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## II. The Crimes Charged and Their Elements; Defenses

### A. Conspiracy to Commit Health Care Fraud

The Defendant is charged in Count One with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.

In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:
 First, beginning on or about May 2009 and ending on or about December 2012, there was an agreement between two or more persons to commit the crime of health care fraud; and
 Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.
The elements of the crime of health care fraud is defined below.

 A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.
 For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

 One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

 The word "willfully" means that a defendant committed the act voluntarily and purposely,

and with knowledge that his or her conduct was, in a general sense, unlawful. That is, the defendant must have acted with bad purpose to disobey or disregard the law. The Government need not prove that the defendant was aware of the specific provision of law that he or she is charged with violating or any other specific provision.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the Government proves each of the following beyond a reasonable doubt:

    First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

    Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

    Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the Defendant guilty of health care fraud as charged in Counts Six through Eight of the Indictment if the Government has proved each of the following elements beyond a reasonable doubt:

    First, a person named in Count One of the Indictment committed the crimes of health care fraud as alleged in Counts Six through Eight;

    Second, the person was a member of the conspiracy charged in Count One of the Indictment;

    Third, the person committed the crime of health care fraud in furtherance of the conspiracy;

    Fourth, the Defendant was a member of the same conspiracy charged in Count One at the time the offenses charged in Counts Six through Eight were committed; and

    Fifth, the offense fell within the scope of the unlawful agreement and could

reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

B. Health Care Fraud

Defendant is charged in Counts Six, Seven and Eight of the Indictment with health care fraud in violation of Section 1347 of Title 18 of the United States Code. In order for the Defendant to be found guilty of the charge, the Government must prove each of the following elements beyond a reasonable doubt:

> First, the Defendant knowingly and willfully executed a scheme or plan to (a) defraud a health care benefit program, or (b) obtain money or property owned by or under the custody and control of a health care benefit program by means of false or fraudulent pretenses, representations, or promises, with all of you having to agree on (a) or (b), or both, before the first element is proven.
> Second, the statements made as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a health care benefit program to part with money or property;
> Third, the Defendant acted with intent to defraud, that is, the intent to deceive or cheat;
> Fourth, Medicare was a health care benefit program, that is, a public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual; and
> Fifth, the scheme was executed in connection with the delivery of or payment for health care benefits, items, or services.

A defendant may be found guilty of health care fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of health care fraud by aiding and abetting, the Government must prove each of the following beyond a reasonable doubt:

> First, someone else committed health care fraud;
> Second, Defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of health care fraud;
> Third, Defendant acted with the intent to facilitate health care fraud; and
> Fourth, Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit health care fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that

knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

If you decide that the Defendant was a member of a scheme to defraud and that the Defendant had the intent to defraud, the Defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the Defendant did not know what they said or did. For the Defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the Defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

C. Defense of Duress

Even if the Government establishes beyond a reasonable doubt that a defendant committed a particular crime, the defense of "duress, coercion or compulsion" can provide a legal excuse for that crime. A defendant acts under duress, coercion or compulsion only if at the time of the crime charged:

1) there was a present, immediate, or impending threat of death or serious bodily injury to the defendant if the defendant did not participate in the commission of the crime;

2) the defendant had a well-grounded fear that the threat of death or serious bodily injury would be carried out; and

3) the defendant had no reasonable opportunity to escape the threatened harm.

However, Defendant is **not** raising a defense of duress, coercion or compulsion in this case.

III. Concluding Instructions

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you

should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

You will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury

concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.